# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-04-150 |
| | § | (Civil Action No. H-14-1242) |
| EDY GUARDADO-MEZEN | § | |

## **MEMORANDUM AND ORDER**

Defendant Edy Guardado-Mezen filed a second motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("Defendant's Motion" or "§ 2255 Motion") [Doc. # 543].[1] A defendant may file a second or successive § 2255 Motion only under limited circumstances. Specifically, the defendant must show that the successive motion is based on: (1) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review; or (2) facts that could not have been discovered through the exercise of due diligence and, if proven, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the defendant guilty. *See* 28 U.S.C. § 2244(b)(2). A defendant may not

---

[1] Guardado-Mezen's current § 2255 Motion was filed May 5, 2014. Attached to the motion is a letter stating that the § 2255 Motion was sent to and received by the Court in May 2012. It appears that the motion was not docketed at that time because it contained an incorrect case number – "Criminal No. 08-1628." The correct case number for Guardado-Mezen's criminal case is Criminal Action No. H-04-150. The Court treats the current § 2255 Motion as if it were filed in May 2012.

file a successive § 2255 Motion in the district court unless and until a three-judge panel of the United States Court of Appeals for the Fifth Circuit has determined whether the motion is permitted under either or both of these two circumstances. *See* 28 U.S.C. § 2244(b)(3). Absent permission from the Fifth Circuit, § 2244(b)(3)(A) precludes a district court's consideration of a successive § 2255 Motion. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

In this case, Guardado-Mezen has not requested and obtained authorization from the Fifth Circuit to file this successive § 2255 Motion. As a result, the motion should be denied without prejudice to allow Defendant the opportunity to request such authorization from the Fifth Circuit. *See United States v. Shoupe*, 477 F. App'x 269, 271 (5th Cir. June 13, 2012); *Paxson v. Tamez*, 470 F. App'x 300, 301 (5th Cir. Apr. 30, 2012). Accordingly, it is hereby

**ORDERED** that Defendant's current § 2255 Motion [Doc. # 543] is **DENIED WITHOUT PREJUDICE** to allow him to petition the United States Court of Appeals for the Fifth Circuit for authorization to proceed. The corresponding civil action (H-14-1242) is **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas, this 6th day of **May, 2014**.

Nancy F. Atlas
United States District Judge